UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

DAVID WILLIAM KNARR,

Plaintiff,

v.

KATHY HUBERT, and LANE COUNTY CIRCUIT COURT CLERKS (COREY),

Defendants.

Case No. 6:26-cv-01409-MTK

**OPINION AND ORDER**

---

**KASUBHAI,** United States District Judge:

Self-Represented Plaintiff David William Knarr ("Plaintiff") filed this lawsuit on July 10, 2026, and applied to proceed in forma pauperis ("IFP"). For the reasons below, Plaintiff's Application for Leave to Proceed IFP (ECF No. 3) is granted; however, the Clerk of the Court shall not issue process because Plaintiff's Complaint (ECF No. 1) is dismissed with prejudice.

## BACKGROUND

Plaintiff brings this civil rights action against "Linn County Circuit Court Clerks (Corey)" and Kathy Hubert, the criminal records lead worker for the Court ("Defendants"). Compl. 2, ECF No. 1. Plaintiff alleges that Defendants denied his court filings on several occasions in 2026, violating his due process rights, his Fifth, Eighth, and Fourteenth Amendment

rights, and 18 U.S.C. §§ 241, 242. Compl. 3-4. Plaintiff asks the Court to hold Defendants accountable and award him financial compensation. Compl. 5.

## DISCUSSION

### I. IFP Application

A review of Plaintiff's application reveals he is unable to afford the costs of this litigation. As such, the application is granted. However, as explained in more detail below, Plaintiff's complaint is dismissed with prejudice.

### II. Mandatory Screening

#### A. Standards

Pursuant to 28 U.S.C. § 1915(e)(2), Congress has mandated that district courts screen IFP applications and dismiss any case that is frivolous or malicious, or fails to state a claim upon which relief may be granted. In determining the sufficiency of a self-represented party's complaint, the court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (in assessing whether a complaint fails to plead a claim, the court must accept all factual allegations as true); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) (allegations of material fact are taken as true and construed in the light most favorable to plaintiff).

In addition, a complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However,

> [w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of [their] "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a

> factual allegation”). Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atl. Corp*., 550 U.S. at 555 (citations altered). The Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions—which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted—from “[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.” *Ashcroft*, 556 U.S. at 678. In short, “a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.” *Id.*

**B. Analysis**

Plaintiff brings Section 1983 claims against Defendants for violations of his Fifth, Eighth, and Fourteenth Amendment rights. Plaintiff also brings claims 18 U.S.C. §§ 241, 242, which are criminal statutes, prohibiting, among other things, conspiracies to violate civil rights. The Court construes Plaintiff’s conspiracy claim under the civil analog, 42 U.S.C. § 1985. Plaintiff’s claims fail because they are barred by absolute immunity and sovereign immunity.

1. <u>Absolute Immunity</u>

Plaintiff brings civil claims for damages against Defendants in their individual capacity and official capacity. Plaintiff alleges that Defendants denied his court filings even though the filings complied with court rules. Compl. 2, 4, ECF No. 1. Court clerks are absolutely immune from civil damages claims for conduct taken in their individual capacity “when they perform tasks that are an integral part of the judicial process.” *Acres Bonusing, Inc. v. Martson*, 17 F.4th 901, 916 (9th Cir. 2021). The filing of complaints and court documents is an integral part of the judicial process. *See id.*; *Mullis v. U.S. Bankruptcy Ct. for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (holding immunity shielded clerk’s refusal to accept amended petition).

Defendants are therefore absolutely immune from Plaintiff's individual capacity claims, and those claims are dismissed with prejudice.

2. Sovereign Immunity

Plaintiff also brings § 1983 and § 1985 claims against Defendants in their official capacity. When a party brings a claim against a state official in their official capacity, they bring a claim against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Sovereign immunity under the Eleventh Amendment bars suits for damages against states absent consent from the state. *Jensen v. Brown*, 131 F.4th 677, 696 (9th Cir. 2025); *Pittman v. Oregon*, 509 F.3d 1065, 1071 (9th Cir. 2007) (recognizing the Eleventh Amendment's bar to Section 1983 and Section 1985 damages claims). Plaintiff seeks damages in the form of financial compensation from Defendants. Compl. 5. His claims against Defendants in their official capacities are therefore barred by sovereign immunity under the Eleventh Amendment and are dismissed with prejudice.

**CONCLUSION**

For the reasons above, Plaintiff's Application for Leave to Proceed (ECF No. 3) is GRANTED. Plaintiff's Complaint (ECF No. 1) is DISMISSED with prejudice. All pending motions, including Plaintiff's Settlement Conference Request (ECF No. 7), are DENIED as moot.

DATED this 3rd day of September 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge